**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delphine Wood, | No. CV-20-00477-TUC-RCC (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On November 18, 2021, Magistrate Judge Leslie A. Bowman filed a Report and Recommendation ("R&R"), recommending the Court affirm the final decision of the Commissioner. (Doc. 25.) The Magistrate Judge informed the parties they had fourteen days to file objections to the R&R, and an additional 14 days to respond. (*Id.* at 12.) Plaintiff filed a timely objection (Doc. 26); the Commissioner did not file a response.

Regardless of whether responses are filed, the Court must perform a de novo review of issues raised in an objection. *See* Fed. R. Civ. P. 72(b)(2)–(3) (requiring de novo review of objections, but not mandating a response); *see also* 28 U.S.C. § 636(b)(1)(C) (same). Although it may benefit a party to file a response, the response must be filed within the time prescribed in Federal Rule of Civil Procedure 72(b)(2). The Commissioner chose not to respond to Plaintiff's objections. And so, the Court has performed a de novo review of this matter without the benefit of the Commissioner's position.

///

## I.   STANDARD OF REVIEW

The standard the District Court uses when reviewing a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   However, when a party objects, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

There being no objection to the factual summary of the case, the Court adopts the Magistrate Judge's recitation of the facts, and only summarizes the facts as necessary to address Petitioner's objections.

## II.   MAGISTRATE'S R&R

The Magistrate Judge's R&R made two conclusions: (1) the ALJ did not err when finding Plaintiff did not have a medically determinable impairment prior to the date last insured, and (2) the ALJ's determination that Plaintiff's back impairment did not cause more than minimal limitations was not in error. (Doc. 25 at 1.)

In the R&R, the Magistrate noted that Plaintiff initially filed for disability based on mental impairments only. (*Id.*) Plaintiff's date last insured was December 31, 2017. (*Id.* at 4.) Plaintiff only began to claim she suffered from lower back problems at the administrative hearing. (*Id.*) There, Plaintiff stated she had been in car accidents, but "they were years ago." (*Id.*; Doc. 17-7 at 82).) Plaintiff supported her claim with a 2018 MRI and medical record. (*Id.*; Doc. 17-13 at 68; Doc. 17-13 at 166.) The Magistrate detailed Plaintiff's subjective symptom testimony, indicating Plaintiff was active and mobile up until February 2018. (Doc. 25 at 6–7.)

The Magistrate summarized the testimony of neurologist Dr. William Rack, noting that Dr. Rack could not conclusively determine whether Plaintiff had physical impairments prior to the date last insured. Dr. Rack stated:

> I'm – I have difficulty because I don't find a distinct neurologic assessment of the patient in the records. I – I see or read of a multitude of different problems and a multitude of physical phenomenon, but I don't see anybody defining activities that should or should not be undertaken by the patient. And on that basis, it's – it's hard for me to say despite the amount of problems that are written about, it's hard for me to put that onto a physical action kind of activity for her, particularly with regard to activity. And so I – in the absence of seeing a distinct neurologic assessment with indications of what's possible for her to do, et cetera, it's – it's difficult for me to say that I think that she should be on limited activities from a disability point of view. Certainly, the injuries that she's had, et cetera, one would expect that she would have some kind of limitations, but I don't see that really, adequately defined as far as the record is concerned. At least, not from a neurologic point of view.

(*Id.* at 7; Doc. 17-7 at 55-56.) In addition, Dr. Rack, after considering the November 29, 2018 treatment notes in addition to her previous injuries, could not give a conclusive answer as to whether she could have developed physical limitations between time of her car accidents approximately twenty years earlier and prior to the date last insured. (Doc. 25 at 7.)

The Magistrate observed that the ALJ noted Plaintiff's records from prior to the date last insured consisted only of treatment for back pain in 2016, but Plaintiff did not follow up and had no complaints during 2016–2017. In addition, the Magistrate Judge acknowledged that ALJ observed the other evidence of impairment was from ten months after the date last insured. (*Id.*) The ALJ concluded that "[Dr. Rack], acting as a medical expert, testified that the evidence did not establish these conditions existed or were causing limitations at the date last insured or before," and the Magistrate Judge determined the ALJ's decision was not in error and was supported by substantial evidence. (Doc. 26 at 8; Doc. 17-3 at 23–24.) The Magistrate Judge agreed, stating that Dr. Rack had no medical evidence before him to "opine about what functional limitations, if any, were likely to have resulted based on that evidence." (Doc. 25 at 11.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   PLAINTIFF'S OBJECTIONS

Plaintiff claims the Magistrate Judge erroneously concluded that Plaintiff did not have a medically determinable physical impairment prior to her date last insured because of the lack of evidence of the impairment prior to the date last insured. (Doc. 26 at 1–2.) Plaintiff asserts that Social Security Ruling ("SSR") 18-1 allows the Court to consider whether Plaintiff was disabled at the date of the alleged onset, even if the alleged onset date is prior to the date last insured. (*Id.* at 2.) Here Plaintiff contends that objective evidence and other evidence can be considered to establish an onset date prior to the date last insured, and the Magistrate Judge failed to look at the evidence reflectively to determine whether the alleged onset date was prior to the date last insured. (*Id.*)

Second, Plaintiff claims that "[s]ubstantial evidence does not support the ALJ's reading of [neurologist] Dr. [Rack's] testimony." (Doc. 26 at 3.) Plaintiff believes Dr. Rack's testimony "did not suggest that the limitations were not present" prior to the date last insured, and the ALJ should not have made such a conclusion. (*Id.* at 4.) Moreover, Plaintiff claims that Dr. Rack should have been able to infer from his expertise and the evidence before him that impairment existed prior to the objective evidence of impairment in 2018. (*Id.*) Dr. Rack could presume from the typical progression of an illness that the onset date was prior to December 31, 2017 based on the evidence available after the date last insured. (*Id.* at 4–5.) Dr. Rack could have concluded that the impairments known in 2018 were at least partially caused by an auto accident prior to the date last insured. (*Id.* at 5.)

## II.   DISCUSSION

Even if, *arguendo*, the Court was permitted to consider other evidence prior to the date last insured to determine whether there was a physically determinable impairment prior to December 31, 2017 under SSR 18-1, the Court cannot conclude the Magistrate erred determining there was no impairment prior to that date. Plaintiff does not dispute that there is no physical evidence of her back problems prior to the date last insured. The Magistrate Judge not only relied upon the lack of physical evidence of impairment but noted that while Plaintiff received some back adjustments in 2016, the issues were not

severe enough to follow through with treatment afterwards and her treatment "seems to control the symptoms reasonably well." (Doc. 25 at 11; Doc. 17-12 at 10.) In addition, the Magistrate reiterated that the ALJ observed Plaintiff had normal examinations in 2017. Also, the ALJ reiterated that Dr. Rack was unable to determine, based on his knowledge and experience, whether Plaintiff would have had impairment prior to the date last insured. Not to mention, Plaintiff failed to mention that her back problems caused her to be disabled in her initial application.

Moreover, the Court disagrees with Plaintiff, the ALJ's understanding of Dr. Rack's testimony was accurate. Plaintiff claims that Dr. Rack "did not say that [Plaintiff's] impairments did not exist or cause limitations prior to the date last insured." (Doc. 26 at 4.) Again, even assuming this statement is true, Plaintiff has not shown that an impairment *did* exist prior to the date last insured. Nor has Plaintiff shown that Dr. Rack, had he been permitted to surmise about Plaintiff's limitations prior to the date last insured, would have concluded that such limitations existed. Upon de novo review of the record, the Court finds that the Magistrate Judge's conclusion that the ALJ had not erred when deciding Plaintiff did not have a medically determinable impairment prior to the date last insured was proper.

Accordingly, IT IS ORDERED Magistrate Judge Leslie A. Bowman's R&R is ADOPTED (Doc. 25) and the Commissioner of Social Security's final decision is AFFIRMED. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 8th day of February, 2022.

Honorable Raner C. Collins
Senior United States District Judge